RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 09a0392p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————————

JOSEPH CHONTOS,

      *Petitioner-Appellant,*

    *v.*

MARY BERGHUIS,

      *Respondent-Appellee.*

No. 08-1031

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 06-13049—Victoria A. Roberts, District Judge.

Argued: June 11, 2009

Decided and Filed: November 10, 2009

Before: BATCHELDER, Chief Judge; BOGGS and COOK, Circuit Judges.

—————————————

## COUNSEL

—————————————

**ARGUED:** Rosemary Gordon Pánuco, LAW OFFICE, Tucson, Arizona, for Appellant. Janet A. Van Cleve, MICHIGAN ATTORNEY GENERAL'S OFFICE, Lansing, Michigan, for Appellee. **ON BRIEF:** Rosemary Gordon Pánuco, LAW OFFICE, Tucson, Arizona, for Appellant. Raina Korbakis, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellee.

—————————————

## OPINION

—————————————

COOK, Circuit Judge. A jury found Joseph Chontos guilty of violating several laws. His most serious offense—first-degree criminal sexual conduct involving a person under the age of thirteen—carried a maximum statutory penalty of "imprisonment for life or any term of years." Mich. Comp. Laws § 750.520b(2)(b). The Michigan trial court imposed a 40-

1

year maximum sentence and a 225-month minimum. Chontos appealed his conviction and sentence in Michigan's courts to no avail.[1]

Chontos then turned to the federal courts, seeking a writ of habeas corpus on the grounds that: (1) the Michigan trial court violated his Sixth Amendment jury trial right by finding facts at sentencing that raised his minimum sentence; (2) the trial court violated both his Fifth and Sixth Amendment rights by selecting a higher sentence because he exercised his jury trial right and his right not to admit guilt.

The district court denied Chontos's petition but granted him a certificate of appealability on the second claim, which this court expanded to include the first. Chontos timely appealed, and we affirm. We adopt the district court's sound reasoning on Chontos's second claim. As for his first claim, we apply de novo review[2] and discern no jury-trial-right violation because the judge-found facts did not increase Chontos's sentence beyond the statutory maximum for *Apprendi* purposes.

I.

*Apprendi v. New Jersey*'s Sixth Amendment rule requires that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). The Supreme Court in *Blakely v. Washington* explained that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." 542 U.S. 296, 303 (2004). Under these cases, judicial factfinding may not increase the maximum penalty beyond that to which the jury's verdict alone exposes the defendant.

---

[1] The parties contest whether Chontos exhausted his state remedies—an issue we need not resolve because we deny relief on the merits. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *see also White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005) (exhaustion requirement does not limit federal court's jurisdiction).

[2] Chontos says that AEDPA's deferential standard of review applies to his *Apprendi* claim. But he does not identify a state court decision adjudicating the merits of that claim, a prerequisite for AEDPA deference. *See* 28 U.S.C. § 2254(d). Although Chontos may concede more ground than the law requires, we bypass deciding whether AEDPA governs his *Apprendi* claim. Instead, we deny Chontos relief under a de novo standard. *See Rosencrantz v. Lafler*, 568 F.3d 577, 584 n. 3 (6th Cir. 2009).

Chontos argues that the Michigan trial judge violated *Apprendi* by finding facts that raised his minimum sentence. But *Harris v. United States* tells us that *Apprendi*'s rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum. 536 U.S. 545, 563–68 (2002) (plurality opinion); *id.* at 569–70 (Breyer, J., concurring); *accord United States v. Copeland*, 321 F.3d 582, 602 n. 5 (6th Cir. 2003).

By clarifying that minimum sentences fall outside *Apprendi*'s scope, *Harris* forecloses Chontos's claim. Chontos correctly observes that judge-found facts increased his guidelines range, and that his range—absent a finding of substantial and compelling reasons for a departure, Mich. Comp. Laws § 769.34(3)—required a minimum sentence between 135 and 225 months. Nevertheless, focusing on Chontos's minimum sentence misses *Apprendi*'s point. The Sixth Amendment jury trial right simply "ensure[s] that the defendant 'will never get *more* punishment than he bargained for when he did the crime'"; it does "not promise that he will receive 'anything less' than that." *Harris*, 536 U.S. at 566 (quoting *Apprendi*, 530 U.S. at 498 (Scalia, J., concurring)). When Chontos violated § 750.520b, he bargained that, if a jury found him guilty, he could receive a maximum penalty of "any term of years." And regardless of the ways that judicial factfinding and Michigan's guidelines affected his minimum sentence, Chontos got no more than he bargained for. Chontos's sentence therefore survives Sixth Amendment scrutiny.[3]

A final point. Although the Sixth Amendment permits judicial factfinding in calculating Chontos's minimum sentence, the judge-found facts may not contradict the jury's verdict. *See United States v. Cockett*, 330 F.3d 706, 711 (6th Cir. 2003). Chontos maintains that relying on acquitted conduct to calculate his minimum sentence violates this rule. But *United States v. White* defeats that argument with its recognition that the

---

[3]We have no occasion to address the constitutionality of guidelines calculations within the statutory category of "intermediate sentence." Mich. Comp. Laws § 769.34(4)(a). Chontos does not argue, and nothing suggests, that absent judge-found facts Chontos would have qualified for an intermediate sanction under § 769.34(4)(a).

differing standards of proof used by judges and juries accommodate the use of acquitted conduct in sentencing.  551 F.3d 381, 385 (2008) (en banc).

## II.

Chontos next argues that the Michigan trial court violated his Fifth and Sixth Amendment rights by sentencing him more harshly for insisting on going to trial and for not explicitly admitting his guilt.  Because our review of the record, the applicable law, and the parties' briefs convinces us that the district court properly rejected this claim, and because the district court's memorandum opinion carefully and correctly set out the facts and the governing law, we adopt as this court's opinion the reasoning supplied by part III, B of the district court's opinion. *Chontos v. Berghuis*, No. 06-13049, 2007 WL 4326840, *4–7 (E.D. Mich. Dec. 10, 2007).

## III.

For these reasons, we affirm.