RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0427p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────────

MANUEL ARIAS,

        *Petitioner-Appellee,*

    *v.*

STUART HUDSON, Warden,

        *Respondent-Appellant.*

No. 08-4513

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 06-02220—Jack Zouhary, District Judge.

Argued: October 6, 2009

Decided and Filed: December 16, 2009

Before: DAUGHTREY, SUTTON and McKEAGUE, Circuit Judges.

───────────────────

**COUNSEL**

**ARGUED:** Thelma T. Price, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellant. Kristopher A. Haines, OHIO PUBLIC DEFENDER'S OFFICE, Columbus, Ohio, for Appellee. **ON BRIEF:** Thelma T. Price, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellant. Kristopher A. Haines, OHIO PUBLIC DEFENDER'S OFFICE, Columbus, Ohio, for Appellee.

───────────────────

**OPINION**

───────────────────

SUTTON, Circuit Judge. The warden appeals an order conditionally granting habeas corpus to Manuel Arias on the ground that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004). Arias's sentence does not violate *Blakely*, however, because the judicial fact-finding at issue merely increased his minimum sentence. We accordingly reverse.

I.

In December 2003, an Ohio jury found Arias guilty of two counts of rape, three counts of kidnapping, three counts of gross sexual imposition and one count of sexual battery. Consistent with Ohio's sentencing laws at the time, *see* O.R.C. §§ 2929.14(B), (C), (E) (2003), the trial court made a number of factual findings that produced a sentence totaling thirty years on the nine counts. Because six of the nine counts also carried "sexually violent predator" specifications, Ohio law converted the thirty-year fixed sentence to an indeterminate sentence with a minimum term of thirty years and a maximum term of life. *See* O.R.C. § 2971.03(A)(3) (2003).

While Arias's state court appeal was pending, the United States Supreme Court decided *Blakely*, holding that under the Sixth Amendment it is "within the jury's province to determine any fact (other than the existence of a prior conviction) that increases the maximum punishment authorized for a particular offense." *Oregon v. Ice*, 555 U.S. ___, 129 S. Ct. 711, 714 (2009); *see Blakely*, 542 U.S. at 313–14. After the Ohio Court of Appeals affirmed his conviction, Arias moved to reopen the appeal, claiming that Ohio's sentencing procedure violated the Sixth Amendment and that he received ineffective representation in the process because his attorneys failed to object to the violation at trial and on appeal. The court of appeals denied his motion, reasoning (1) that "*Blakely* is . . . inapplicable to Appellant's sentence" and (2) that trial and appellate counsel could not be found ineffective for missing an issue that could not have given him relief. He appealed this decision to the Ohio Supreme Court, which declined to hear his case, as did the United States Supreme Court.

Arias petitioned the district court for a writ of habeas corpus, raising the same *Blakely* and ineffective-assistance claims. The State answered that Arias had procedurally defaulted his *Blakely* and ineffective trial counsel claims, that the Ohio courts had reasonably rejected his ineffective appellate counsel claims and that in any event the indeterminate sentence he received did not violate *Blakely*. The district court conditionally granted the writ, reasoning that Arias had not procedurally defaulted his claim and that the trial court had usurped the jury's role by increasing his sentence based on the court's own findings of fact. The court rejected Arias's ineffective-assistance claims. The State timely appealed.

II.

In the normal course, we first would address the State's challenge to the district court's procedural-default ruling. But in this instance the merits of Arias's *Blakely* claim present a more straightforward ground for decision, prompting us to consider this issue at the outset. *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (allowing courts to skip procedural-default issues and reject claims on the merits).

Arias's sentence arises from the overlap of three Ohio statutes. The first statute, O.R.C. § 2929.14 (2003), implicates the kind of judicial fact-finding that *Blakely* prohibits, as the Ohio Supreme Court has correctly determined. *See State v. Foster*, 845 N.E.2d 470, 494 (Ohio 2006) (finding §§ 2929.14(B) and (C) unconstitutional under *Blakely*). To sentence Arias to ten years on each of the three sets of consolidated counts, for example, the court had to find that Arias "pose[d] the greatest likelihood of committing future crimes." O.R.C. § 2929.14(C). In the absence of this finding (or other statutory ones like it), the judge could have sentenced Arias only to three nine-year sentences totaling twenty-seven years, not thirty. Had these procedures been the only ones at issue in Arias's sentence, we would have little difficulty concluding that the sentence violated *Blakely*. *See Foster*, 845 N.E.2d at 490.

But a second statute, O.R.C. § 2971.03(A)(3) (2003), ultimately determined Arias's maximum sentence. Because the judge found that Arias was a "sexually violent predator" on six of the nine counts, the sentence Arias otherwise would have received—thirty years—became the *minimum* parole eligibility date of an indeterminate life sentence under § 2971.03(A)(3). As a result of this second statute, the judge's fact-finding at issue here merely set the *lower* bound of his sentence, not the *upper* bound of life imprisonment.

That brings us to the third statute. Under O.R.C. § 2971.02 (2003), Arias had the right to have a jury determine whether he was a "sexually violent predator" and thus whether the life term of § 2971.03 would apply to him. But Arias explicitly waived his right to a jury trial on that issue. In view of Arias's decision to waive his right to a jury trial with respect to this enhancement and in view of the trial judge's subsequent finding on the point, judicial fact-finding under § 2929.14—the first statute—could not have increased his maximum sentence because § 2971.03—the second statute—would have added the same "life tail" at

the end of it no matter what the judge found under § 2929.14.  Put another way, the challenged fact-finding made a difference to Arias's minimum sentence (from nine years to thirty years), but it was the accepted fact-finding that determined whether Arias would receive a maximum term of life imprisonment.

This kind of sentence does not violate *Blakely*.  The Sixth Amendment gives a criminal defendant the right to have a jury find any fact that increases the *maximum* sentence the defendant faces, not any fact that increases the *minimum* sentence.  *See McMillan v. Pennsylvania*, 477 U.S. 79 (1986).  And although *McMillan* pre-dates the *Apprendi* line of cases, *see Apprendi v. New Jersey*, 530 U.S. 466 (2000), this feature of Sixth Amendment jurisprudence has remained intact.  *See United States v. Harris*, 536 U.S. 545, 568 (2002) (rejecting an effort to overrule *McMillan* in the aftermath of *Apprendi*).  *Blakely* itself recognized the point.  Even as *Blakely* invalidated Washington's sentencing system, it distinguished that system from the one at issue in *McMillan*, noting that the latter imposed only "a statutory *minimum* if a judge found a particular fact" and therefore did not violate the Sixth Amendment.  542 U.S. at 304.  Because the judicial fact-finding at issue here—like the judicial fact-finding that *McMillan* upheld and unlike the judicial fact-finding that *Blakely* struck down—increased Arias's minimum term of imprisonment without affecting his maximum term of imprisonment, his sentence does not violate the Sixth Amendment.  *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) (applying *Harris* to judicial fact-finding that increased the minimum term of an indeterminate sentence).

Today's sentence presents one potential twist on *Harris* (and *McMillan*).  In *Harris*, the defendant was eligible for a *fixed* sentence, and the judge's finding of fact increased the minimum duration of his sentence.  536 U.S. at 551.  Arias, by contrast, received an indeterminate sentence of a number of years to life, and the challenged finding of fact allowed the judge to increase the minimum number of years before he became eligible for parole.  Judicial fact-finding thus limited the range from which the judge could pick Harris's sentence, while it limited the range from which the parole board could pick Arias's release date.  One perhaps could argue that the Sixth Amendment should forbid the latter even though it permits the former.

But we see no reason to treat this case differently from *Harris*. Here, § 2929.14 shifted some discretion over Arias's ultimate release date from the parole board to the judge, but—as in *Harris*—did not alter Arias's maximum potential punishment. *See Chontos*, 585 F.3d at 1002 ("The Sixth Amendment jury trial right simply 'ensure[s] that the defendant will never get *more* punishment than he bargained for when he did the crime'; it does not 'promise that he will receive anything less than that.'" (quoting *Harris*, 536 U.S. at 566 (plurality) (quotation marks omitted))). The jury's verdict, together with the approved fact-finding under §§ 2971.02 and 2971.03, authorized a penalty up to and including life imprisonment, and Arias will receive no more than life imprisonment—and that is all the Sixth Amendment requires. *See id.*

One other point. The continuing vitality of *McMillan* and *Harris* may be put to the test in a pending case at the Supreme Court. *See United States v. O'Brien*, ___ U.S. ____, 130 S. Ct. 49 (2009) (granting certiorari in a case involving fact-finding that increased a defendant's minimum sentence). The case could be decided by overruling *McMillan* and *Harris*, but it also could be decided on statutory grounds, as the First Circuit decided the case below. *See United States v. O'Brien*, 542 F.3d 921, 924 (1st Cir. 2008). Regardless of what happens in *O'Brien*, however, this Sixth Amendment reality remains: At the time the judge imposed Arias's sentence, the Supreme Court treated judicial fact-finding differently depending on whether it affected the minimum sentence faced by a defendant or the maximum sentence for which the defendant was eligible. Because the courts have not treated *Blakely* or *United States v. Booker*, 543 U.S. 220 (2005), as changes in law that should be applied retroactively to cases whose direct appeal concluded before their announcement, we see little prospect that the courts will apply any such (potential) change in the law retroactively to Arias. *Cf., e.g.*, *Duncan v. United States*, 552 F.3d 442, 447 (6th Cir. 2009) (holding that *Booker* does not apply retroactively to cases pending at the time of *Blakely*).

In the last analysis: *McMillan* and *Harris* were good law at the time of Arias's sentencing, and they remain so today; the two decisions allow judicial fact-finding that increases a defendant's minimum sentence; Arias waived his right to have the jury make any findings of fact that might increase his maximum sentence; and an increase in the minimum

term of this sentence is governed by *Harris*.  All of this leaves Arias with no cognizable basis for challenging his sentence.

III.

For these reasons, we reverse the judgment granting Arias's petition for a writ of habeas corpus and remand the case to the district court.