NOT RECOMMENDED FOR PUBLICATION
File Name: 10a0286n.06

No. 08-3700

**FILED**

**May 12, 2010**

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF OHIO |
| ROBERT WHITELAW, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| _____ | ) | |

**Before: BOGGS and GILMAN, Circuit Judges; and McCALLA, Chief District Judge.**[*]

**RONALD LEE GILMAN, Circuit Judge.** Robert Whitelaw pled no contest to the charge

of conspiring to possess and distribute 1,000 kilograms or more of marijuana. Before Whitelaw

entered his plea, the government filed a notice pursuant to 21 U.S.C. § 851, seeking an enhanced

sentence due to Whitelaw's prior conviction for a felony drug offense. This notice had the effect of

increasing the mandatory minimum sentence that Whitelaw faced from 10 years of imprisonment

to 20 years. Whitelaw nonetheless pled no contest without a plea agreement. At the conclusion of

Whitelaw's sentencing hearing, the district court imposed the 20-year mandatory minimum sentence.

---

[*]The Honorable Jon P. McCalla, Chief United States District Judge for the Western District of Tennessee, sitting by designation.

-1-

Whitelaw now seeks to invalidate his conviction and sentence, challenging the propriety of the § 851 notice, disputing the quantity of drugs attributed to him, and objecting to the finding that he had a supervisory role in the conspiracy. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

In May 2006, Whitelaw was charged with participating in a drug conspiracy involving 100 kilograms or more of marijuana. A superseding indictment was issued four months later that upgraded the charge to a drug conspiracy involving 1,000 kilograms or more of marijuana. Shortly after the superseding indictment was issued, three of Whitelaw's coconspirators agreed to plead guilty and cooperate with the government. Whitelaw, however, evaded arrest until August 2007. Before his arraignment the following month, the government filed a notice, pursuant to 21 U.S.C. § 851, informing Whitelaw that the government intended to seek an enhanced sentence due to his prior felony drug conviction. Because of this notice and the severity of the charge, Whitelaw faced a mandatory minimum sentence of 20 years of imprisonment if convicted.

Whitelaw rejected a plea agreement that would have required him to cooperate with the government and that would have resulted in a recommended sentence of 17 years of imprisonment. Instead, he opted to plead no contest. The district court accepted this plea over the government's objection. At his plea hearing, the court asked Whitelaw a series of questions about the rights that he was waiving and the potential charges that he faced. In particular, the court inquired whether Whitelaw understood that "there [was] a mandatory minimum of 20 years imprisonment." Whitelaw responded: "Yes, I understand."

In addition, the government presented a federal agent who testified to the factual basis of the charges against Whitelaw. The agent specified that all three of Whitelaw's coconspirators had "stated that [during the period covered in the superseding indictment] they conspired with . . . Whitelaw to transport multiple shipments of marijuana, totaling more than 1000 kilograms, from Arizona to Columbus, Ohio for distribution," and he further informed the court that Whitelaw had a prior felony drug conviction. At the conclusion of the agent's testimony, the court engaged in the following exchange with Whitelaw:

THE COURT:   Thank you. Mr. Whitelaw, did you hear what Agent Heufelder said?

THE DEFENDANT: Yes, Your Honor, I did.

THE COURT:   Is what he said concerning your activity correct?

THE DEFENDANT: No contest, Your Honor.

THE COURT:   And would you—is there anything that you would—I am not sure how to say this. Is there anything that you would disagree with or not contest? Or you would contest? Is there anything that you would contest in the facts?

THE DEFENDANT: I don't know how I could, Your Honor. Not from the position of no contest, I don't know how I could.

After receiving these sworn statements from Whitelaw, the district court accepted his plea of no contest.

A Presentence Report (PSR) was then prepared by the U.S. Probation Office. The PSR stated that the applicable U.S. Sentencing Guidelines range was 121 to 151 months of imprisonment, with a mandatory minimum sentence of 10 years. But because of the § 851 notice of Whitelaw's prior

conviction filed by the government, the PSR further noted that the mandatory minimum sentence that Whitelaw faced was in fact 20 years of imprisonment. Whitelaw raised a number of objections to the PSR, many of which contested the validity of the government's § 851 notice. After hearing arguments from Whitelaw and the government, the district court overruled Whitelaw's objections and sentenced him to the mandatory minimum of 20 years' imprisonment.

Whitelaw now appeals, raising the same arguments that he raised at sentencing. These are whether (1) the § 851 notice is defective for failing to refer specifically to the superseding indictment in the case, (2) the government was barred from filing a § 851 notice because Whitelaw pled no contest, (3) the notice is void because the trial court failed to ask Whitelaw if he affirmed or denied his previous conviction, (4) § 851 represents an unconstitutional delegation of power to the executive branch, (5) § 851 interferes with the judiciary's power to issue sentences, (6) § 851 interferes with the grand jury's power to indict, (7) § 851 violates a criminal defendant's right to a jury trial, and (8) § 851 undermines the Sentencing Guidelines. Whitelaw also contends that the district court erred in enhancing his offense level by determining that he was responsible for conspiring to distribute more than 1,000 kilograms of marijuana and that he had a supervisory role in the conspiracy.

## II. ANALYSIS

### A.       Validity of the government's § 851 notice

We review the sufficiency of a § 851 notice de novo. *United States v. Odeneal*, 517 F.3d 406, 415 (6th Cir. 2008). Section 851 provides in relevant part:

> No person who stands convicted of an offense under this part shall be sentenced to
> increased punishment by reason of one or more prior convictions, unless before trial,

> or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1). The statute also requires a defendant to file a written objection if he "denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid." 21 U.S.C. § 851(c)(1). Finally, § 851 mandates that, before imposing a sentence, the district court must ask the defendant whether he affirms or denies his previous conviction. 21 U.S.C. § 851(b). A district court may not enhance the defendant's sentence under § 851 unless these steps are satisfied, *United States v. King*, 127 F.3d 483, 487 (6th Cir. 1997), although the court's failure to conduct the colloquy required by § 851 is subject to the harmless-error standard, *United States v. Denkins*, 367 F.3d 537, 548-49 (6th Cir. 2004) (holding that the district court's failure to ask a defendant, as required by § 851(b), whether he admitted or denied the fact of his prior conviction was harmless).

### 1.      *The § 851 notice's failure to reference the superseding indictment*

Whitelaw first argues that the government's § 851 notice is fatally flawed because it referred to "the indictment" rather than to the *superseding* indictment. He asserts that the notice must be strictly construed and, because he pled no contest to the charge in the superseding indictment, not the original indictment, the notice is inapplicable. The government responds that the original indictment in Whitelaw's case had been replaced by the superseding indictment well before Whitelaw was arrested and arraigned. As such, the government argues that "[e]very appearance Whitelaw made in federal court in this case was based upon the charges in the superseding indictment," and thus the error in the notice's wording was inconsequential.

This court has previously explained that when a defendant contests the specificity of a § 851 notice, "the proper inquiry is whether the government's information provided the defendant reasonable notice of its intent to rely on a particular conviction and a meaningful opportunity to be heard." *King*, 127 F.3d at 488-89 (alteration, citation, and internal quotation marks omitted). In the present case, there is no question that the § 851 notice provided Whitelaw with reasonable notice and an opportunity to be heard. The government filed the notice more than two months before Whitelaw pled no contest and nearly nine months before his sentencing. Furthermore, Whitelaw makes no argument that the terminology used by the government in the § 851 notice actually confused him. And even if he had, such an argument would be meritless. The superseding indictment in the present case was filed well before Whitelaw was arrested and thus was the only indictment that was ever relevant to him. This argument is therefore without merit.

### 2. *No-contest pleas and § 851 notices*

Whitelaw next contends that § 851 does not permit notices to be filed in cases where the defendant pleads no contest, noting that the statute states that such notices must be filed "before trial, or before entry of a plea of guilty." *See* 21 U.S.C. § 851(a)(1). The government responds by arguing that reading the statute in the manner suggested by Whitelaw makes little sense, and that the language "before trial, or before entry of a plea of guilty" simply refers to the appropriate timing of a § 851 notice. If the statute were intended to exclude no-contest pleas, the government contends that it would state that such notices may be filed "*only* before trial, or before entry of a plea of guilty."

We believe that the government's interpretation of the statute is the more reasonable one. If the statute were intended to exclude the use of § 851 notices in cases where the defendant pleads no contest, it likely would have been written in a more explicit manner. Furthermore, a no-contest plea is generally considered to be a hybrid form of a guilty plea because it avoids a trial, requires the defendant to waive various trial rights, and results in the imposition of criminal liability. *United States v. Heller*, 579 F.2d 990, 992 n.1 (6th Cir. 1978) (a no-contest plea "waive[s] non-jurisdictional defects to the conviction"); *Pharr v. United States*, 48 F.2d 767, 770 (6th Cir. 1931) ("For all practical purposes, the plea of nolo contendere is one of guilt."). Given the similarity between a no-contest plea and a guilty plea, we conclude that construing § 851 to apply in one circumstance but not the other (without an explicit congressional directive to do so) would create a unjustified disparity and would be inconsistent with the purpose of the statute—to impose longer sentences on repeat offenders like Whitelaw. *See Negusie v. Holder*, 129 S. Ct. 1159, 1171 (2009) (Stevens, J., concurring) (explaining that "statutory interpretation is a multifaceted enterprise, ranging from a precise construction of statutory language *to a determination of what policy best effectuates statutory objectives*" (emphasis added)).

> **3.** **The district court's failure to ask Whitelaw whether he admitted or denied the fact of his prior conviction**

Whitelaw's third assertion is that the district court erred by failing to inquire directly whether he admitted or denied the fact of his prior conviction, a requirement set forth in 21 U.S.C. § 851(b). The record reveals, and the government admits, that the district court did not explicitly ask whether Whitelaw admitted or denied the fact of his prior conviction.

But "[t]his [c]ourt has repeatedly found the failure to inquire under § 851(b) to be harmless when a defendant receives adequate notice of the government's intent to use the prior conviction at sentencing and fails to file an objection under § 851(c)." *United States v. Fields*, No. 08-5334, 2009 WL 4407636, at *3 (6th Cir. Dec. 4, 2009). Whitelaw, as noted above, received more than adequate notice of the government's intent to use his prior conviction at sentencing. Furthermore, the record shows no evidence that he filed an objection to the notice under § 851(c). The district court's failure to explicitly ask Whitelaw whether he admitted or denied the fact of his prior conviction is therefore harmless. *See Denkins*, 367 F.3d at 548-49; *Fields*, 2009 WL 4407636, at *3.

### 4.   *Improper delegation of authority to the executive branch*

Whitelaw next argues that § 851 violates the principle of separation of powers by allowing "the executive branch to set criminal penalties." Unfortunately for Whitelaw, this court has already rejected his argument in the case of *United States v. Crayton*, 357 F.3d 560 (6th Cir. 2004), which explicitly holds that "§ 851 does not violate the principle of separation of powers. The discretion a prosecutor exercises in determining whether an enhanced statutory maximum applies under § 851 is similar to the initial discretion the prosecutor has in deciding which charges to bring against a defendant, discretion that is obviously constitutional." *Id.* at 572. As controlling precedent, *Crayton* mandates the rejection of Whitelaw's separation-of-powers argument. *See Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) (holding that a prior published decision of this court is binding on all subsequent panels "unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision").

### 5.      Interference with the judiciary's sentencing power

Whitelaw's fifth assertion is that § 851 gives the prosecution too much power to set sentences and thus "is an impermissible intrusion on the judiciary's power to sentence." Again, the holding of *Crayton* defeats Whitelaw's argument. This court in *Crayton* explained that the prosecution has the power to determine which charges to bring and, if applicable, whether to seek an enhanced statutory minimum sentence under § 851. *Crayton*, 357 F.3d at 572. The right of the government to seek an enhanced sentence pursuant to § 851 no more limits the judiciary's sentencing power than the statutory minimum and maximum punishments for various federal crimes limit that power, which depend on the charges brought by the prosecution and the statutes enacted by Congress.

In effect, the judiciary's "power to impose a just sentence," as Whitelaw puts it, is always cabined by the decisions of the legislative and executive branches. The powers granted to the prosecution by § 851 fit well within this framework and do not impermissibly intrude on the judiciary's power to sentence. *See, e.g.*, *United States v. LaBonte*, 520 U.S. 751, 762 (1997) ("Insofar as prosecutors, as a practical matter, may be able to determine whether a particular defendant will be subject to the enhanced statutory maximum, any such discretion would be similar to the discretion a prosecutor exercises when he decides what, if any, charges to bring against a criminal suspect.").

### 6.      Interference with the grand jury's power to indict

Whitelaw next argues that § 851 interferes with the grand jury's power to indict. This claim is clearly without merit, since a § 851 notice can be filed only *after* the grand jury's indictment has issued. In this case, for example, Whitelaw was indicted well before the government filed its § 851

notice. Furthermore, a § 851 notice affects only the sentence to which a defendant is subject, *not* the charges brought against the defendant as a result of the grand jury's indictment.

### 7.  *Interference with the petit jury's power to decide the facts*

Whitelaw's seventh claim is that § 851 "interferes with [the] petit jury's power to decide the facts that could be used for sentencing" and thus violates his Sixth Amendment right to a jury trial. But Supreme Court precedent holds to the contrary. In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Supreme Court has thus explicitly carved out an exception in its Sixth Amendment jurisprudence by holding that prior convictions may be used to increase the statutory range that a defendant faces without a jury determining the existence of such prior convictions beyond a reasonable doubt. *See Crayton*, 357 F.3d at 571 n.8 ("*Apprendi* specifically states that a jury need not decide prior convictions for a defendant to receive an enhanced sentence.").

Furthermore, *Apprendi* applies only to statutory *maximums*. *See Apprendi*, 530 U.S. at 490 (holding that "any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury" (emphasis added)). In the present case, the § 851 notice had the effect of increasing only the statutory *minimum* that Whitelaw faced, not the statutory maximum. Here, the statutory maximum is far higher than the 20-year sentence he received. *See* 21 U.S.C. § 841(b)(1)(A) (fixing the maximum penalty for federal crimes involving 1,000 kilograms or more of marijuana as life imprisonment). Whitelaw's Sixth Amendment claim is therefore groundless.

*See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) ("*Apprendi*'s rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum.").

### 8. Undermining of the Sentencing Guidelines

Whitelaw's final argument attacking § 851 is that the statute "undermines the development of the sentencing guidelines and Congress's stated goal of uniformity." This argument—that one federal statute is somewhat inconsistent with the purposes of another federal statute—does not provide Whitelaw with a legal basis for relief from a § 851 notice. Indeed, many federal sentencing policies are somewhat inconsistent with each other. The disparities in the statutory sentencing ranges for crack-cocaine offenses verses powder-cocaine offenses stand as one frequently discussed example. *See Kimbrough v. United States*, 552 U.S. 85, 97-98 (2007) (discussing the crack/powder cocaine sentencing disparity and how it frustrates the goals of the Sentencing Reform Act). As such, Whitelaw is making an argument as to general sentencing policy, which does not entitle him to relief in this particular case.

## B. The quantity of marijuana attributable to Whitelaw

In addition to his contesting of the government's § 851 notice, Whitelaw claims that the district court erred by determining that he was responsible for conspiring to distribute more than 1,000 kilograms of marijuana. He also contends that he did not admit to the existence of such evidence.

Whitelaw has waived this argument. Specifically, by pleading no contest, Whitelaw is prevented from contesting the sufficiency of the evidence against him. This is because a defendant

who pleads no contest waives all "non-jurisdictional defects to the conviction." *United States v. Heller*, 579 F.2d 990, 992 n.1 (6th Cir. 1978). "Like a plea of guilty, a plea of [no contest] constitutes a waiver of all so-called 'non-jurisdictional defects' or, more accurately, any claims not logically inconsistent with the issue of factual guilt, as well as the right to contest the factual merits of the charges against him." *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982). Whitelaw's claim that there was no evidence that he conspired to distribute more than 1,000 kilograms of marijuana is exactly the kind of claim—one that seeks "to contest the factual merits of the charges against him"—that a defendant may not challenge after entering a plea of no contest. *See id.*

**C.     Whitelaw's sentencing enhancement for his supervisory role**

The final issue on appeal is Whitelaw's challenge to the district court's finding that he played a supervisory role in the conspiracy. This finding was used by the court to give Whitelaw a two-level enhancement under the Sentencing Guidelines.

We find this issue to be moot. The factual finding that Whitelaw played a supervisory role has no effect on his mandatory minimum sentence. Even with the two-level enhancement that resulted from this factual finding, Whitelaw's Sentencing Guidelines range of 135 to 168 months of imprisonment, *see* U.S. Sentencing Guidelines Manual Ch. 5, pt. A, was still well under the statutory minimum sentence of 20 years' imprisonment (240 months) that was applicable after the government filed its § 851 notice. As a result, even if we were to agree with Whitelaw that the district court erred by finding that he had a supervisory role in the conspiracy (and we reach no such conclusion), his sentence would be unaffected because there is no reversible error with regard to the

government's § 851 notice or Whitelaw's conviction. We thus find no basis to invalidate

Whitelaw's 20-year mandatory minimum sentence.

### III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.