RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 10a0075p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

MARK THOMPSON, JR.,
     *Petitioner-Appellee/Cross-Appellant,*

     *v.*

WARDEN, Belmont Correctional Institution,
     *Respondent-Appellant/Cross-Appellee.*

Nos. 08-3743/3744

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 07-00051—Edmund A. Sargus, Jr., District Judge.

Argued: January 14, 2010

Decided and Filed: March 18, 2010

Before: BOGGS and GILMAN, Circuit Judges; McCALLA, Chief District Judge.[*]

_____

**COUNSEL**

**ARGUED:** Thelma Thomas Price, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellant. Stephen P. Hardwick, OFFICE OF THE OHIO PUBLIC DEFENDER, Columbus, Ohio, for Appellee. **ON BRIEF:** Thelma Thomas Price, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellant. Stephen P. Hardwick, OFFICE OF THE OHIO PUBLIC DEFENDER, Columbus, Ohio, for Appellee.

_____

**OPINION**

_____

     RONALD LEE GILMAN, Circuit Judge. Mark Thompson, Jr. filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, contesting the constitutionality

_____

[*] The Honorable Jon P. McCalla, Chief United States District Judge for the Western District of Tennessee, sitting by designation.

of his state convictions and sentences for theft of a motor vehicle, possession of crack cocaine, carrying a concealed weapon, and receiving stolen property. Among Thompson's arguments was a challenge to the state trial court's finding facts used to increase his sentence without submitting the matter to a jury. Thompson claims that his Sixth Amendment rights were violated and that his appellate counsel was ineffective for failing to raise the issue on his direct appeal. The district court conditionally granted the habeas petition on both grounds, vacating Thompson's sentences and directing the state either to release him from incarceration or to reinstate his direct appeal within 60 days.

Both sides have appealed, with the Warden contesting the grant of habeas relief and Thompson contesting the limited remedy granted by the district court. For the reasons set forth below, we **REVERSE** the district court's grant of habeas relief.

## I.  BACKGROUND

In March 2005, in the Jefferson County Court of Common Pleas, a jury found Thompson guilty of possession of crack cocaine, carrying a concealed weapon, and receiving stolen property. Thompson was convicted by a jury of a fourth offense—theft of a motor vehicle—roughly one month later in the same court. The trial court sentenced Thompson for these four convictions during two separate sentencing hearings. At each hearing, the trial court made independent factual findings that allowed it to enhance Thompson's sentences from the normally applicable statutory minimum to the statutory maximum for each offense, and that further enabled the court to specify that Thompson's sentences would be served consecutively rather than concurrently. As a result, Thompson received four consecutive sentences of eighteen months' imprisonment, comprising a total sentence of 72 months of imprisonment.

Thompson filed two separate appeals, one for the first three convictions and sentences and another for the conviction and sentence relating to the theft of a motor vehicle. The Ohio Court of Appeals' Seventh District rejected both appeals on December 16, 2005. In each appeal, Thompson argued that the trial court had erred by imposing the statutory maximum sentence. He did not, however, argue that the Ohio

sentencing laws, which required the trial court to make specific factual findings before it could increase his sentences from the statutory minimum to the statutory maximum, violated his Sixth Amendment right to a jury trial as elucidated in *Blakely v. Washington*, 542 U.S. 296 (2004). (*Blakely* was issued by the Supreme Court on June 24, 2004, roughly nine months before Thompson's four convictions in the present case.)

Thompson failed to file a timely motion for leave to appeal with the Ohio Supreme Court. Instead, his new counsel filed a motion for a delayed appeal with that Court in February 2006. Substantively, the motion addressed all four of Thompson's convictions and sentences, arguing both that Thompson's sentences were imposed in violation of *Blakely* and that his prior appellate counsel was ineffective for failing to raise a *Blakely* claim below.

The Ohio Supreme Court granted the motion for a delayed appeal, meaning that it would consider the appeal as if it were timely filed. But the Court eventually denied leave to appeal on the merits in August 2006. In addition, while Thompson's direct appeal was pending, he filed a pro se postconviction petition in the state trial court. This petition was also dismissed, and Thompson did not appeal that ruling.

Thompson then filed his habeas petition in the United States District Court for the Southern District of Ohio. The petition raised three claims, including the claims that the state trial court violated Thompson's Sixth Amendment right to a jury trial (as explained in *Blakely*) by finding facts used to increase his sentence without submitting the matter to a jury, and that Thompson's appellate counsel was ineffective for failing to raise this argument on his direct appeal. After briefing by the parties, the magistrate judge assigned to the case issued a Report and Recommendation that advised the district court to conditionally grant Thompson habeas relief unless the state of Ohio reinstated Thompson's direct appeal within 60 days. The district court overruled both parties' objections to the Report and Recommendation and adopted its conclusions, thus conditionally granting habeas relief as recommended by the magistrate judge.

On appeal, the Warden contests the grant of habeas relief, arguing that Thompson's appellate counsel was not ineffective. Thompson cross-appeals, arguing that the district court should have conditioned habeas relief on the State giving him a new sentencing hearing, rather than conditioning the grant on the State simply reinstating his direct appeal.

## II.  ANALYSIS

### A.    Standard of review

We review de novo a district court's decision to grant or deny a petition for a writ of habeas corpus. *Joseph v. Coyle*, 469 F.3d 441, 449 (6th Cir. 2006). The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply in this case because Thompson filed his petition after AEDPA's effective date. *See Woodford v. Garceau*, 538 U.S. 202, 210 (2003). Under AEDPA, a federal court may grant a writ of habeas corpus with respect to a "claim that was adjudicated on the merits in State court proceedings" only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In the present case, however, neither of Thompson's claims was "adjudicated on the merits" by the state courts. Both his *Blakely* claim and his ineffective-assistance-of-appellate-counsel claim were raised for the first time in his petition to the Ohio Supreme Court, which denied leave to appeal without comment. As a result, Thompson's *Blakely* claim is procedurally defaulted. *See Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009) ("For a claim to be reviewable at the federal level, each claim must be fairly presented at every stage of the state appellate process."). We thus cannot reach the merits of Thompson's *Blakely* claim unless he first prevails on his ineffective-assistance-of-appellate-counsel claim, which would then establish cause and prejudice for the default. *See Beuke v. Houk*, 537 F.3d 618, 631 (6th Cir. 2008) (explaining that an ineffective-assistance-of-counsel claim can provide both cause and prejudice to excuse procedural default, if the ineffective-assistance claim itself was not defaulted).

Despite the fact that Thompson's ineffective-assistance-of-appellate-counsel claim was raised only before the Ohio Supreme Court, the Warden acknowledges that this claim is not defaulted. An Ohio procedural rule allows parties to raise ineffective-assistance-of-appellate-counsel claims for the first time via a motion for leave to appeal to the Ohio Supreme Court, and thus a claim raised in that manner may be "fairly presented" for federal habeas purposes. *See Holloman v. Timmerman-Cooper*, No. 2:08-CV-441, 2009 WL 4283099, at \*8 (S.D. Ohio Nov. 30, 2009) (holding that an ineffective-assistance-of-appellate-counsel claim raised on direct appeal to the Ohio Supreme Court was not procedurally defaulted) (citing *State v. Murnahan*, 584 N.E.2d 1204 (Ohio 1992)). Furthermore, because Thompson's ineffective-assistance-of-appellate-counsel claim was fairly presented to the Ohio Supreme Court but not addressed by it, we will review the claim de novo. *See Howard v. Bouchard*, 405 F.3d 459, 467 (6th Cir. 2005) ("Where the state court has not addressed or resolved claims [that are] based on federal law, most courts, including this one, have held that the decision is not an 'adjudication on the merits.' Thus, a federal habeas court reviews such unaddressed claims de novo.").

**B.    Thompson's ineffective-assistance-of-appellate-counsel claim**

### 1. The requirements of Strickland

*Strickland v. Washington*, 466 U.S. 668 (1984), requires that a defendant raising an ineffective-assistance claim show both that counsel performed deficiently and that the defendant was prejudiced by counsel's deficient performance. *Id.* at 687-91. In order to demonstrate deficient performance, Thompson must show that his appellate counsel made an objectively unreasonable decision to raise other issues instead of raising a *Blakely* claim, "meaning that [the *Blakely* claim] 'was clearly stronger than issues that counsel did present.'" *See Webb v. Mitchell*, 586 F.3d 383, 399 (6th Cir. 2009) (quoting *Smith v. Robbins*, 528 U.S. 259, 285, 288 (2000)).

Thompson must also show prejudice, which in the appellate context means showing "a reasonable probability that, but for his counsel's unreasonable failure to"

raise a *Blakely* claim on appeal, "he would have prevailed." *See Robbins*, 528 U.S. at 285. Furthermore, when reviewing the actions of appellate counsel, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Strickland*, 466 U.S. at 689).

### 2. *The performance of Thompson's appellate counsel*

Thompson argues, and the district court agreed, that his appellate counsel performed deficiently by not raising a *Blakely* claim in Thompson's appeal to the Ohio Court of Appeals. In reaching this decision, the district court largely relied on the magistrate judge's Report and Recommendation, which contained a fresh review of the factfinding done by the state trial court at Thompson's sentencing, and concluded that this factfinding plainly violated the rule laid out in *Blakely*. Thompson's appellate counsel was thus found to be deficient for failing to raise this claim.

But this analysis fails to consider the context of Thompson's appeal. *Blakely* extended the holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to the sentencing-guideline scheme used by the state of Washington. *Apprendi* had held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. *Blakely* explained "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 542 U.S. at 303 (emphasis in original).

The district court concluded that Ohio's then-applicable sentencing procedures violated *Blakely* by requiring the state trial court to make at least one of four factual findings considered to be aggravating factors before giving a defendant like Thompson a sentence greater than the statutory *minimum*. Although judge-made factual findings that simply increase a statutory minimum sentence would not normally violate *Blakely*,

*see Arias v. Hudson*, 589 F.3d 315, 317 (6th Cir. 2009), then-applicable Ohio law declared that the statutory minimum was the appropriate sentence in the absence of any aggravating factors, *see State v. Edmonson*, 715 N.E.2d 131, 133 (Ohio 1999).

The vast majority of Ohio state courts to address the issue of whether Ohio's sentencing procedures ran afoul of *Blakely* at the time Thompson filed his direct appeal had reached the *opposite* conclusion from that of the district court. When Thompson filed his briefs for his two appeals on July 7, 2005, 8 of the 12 districts comprising the Ohio Court of Appeals had issued decisions holding *Blakely* inapplicable to Ohio's sentencing laws. *See State v. Trubee*, No. 9-03-65, 2005 WL 335833, at *4-*9 (Ohio Ct. App. 3d Dist. Feb. 14, 2005) (rejecting a defendant's *Blakely* challenge to Ohio's sentencing laws); *State v. Wheeler*, No. 04CA1, 2004 WL 2827714, at *3-*4 (Ohio Ct. App. 4th Dist. Nov. 26, 2004) (same); *State v. Iddings*, No. 2004CAA06043, 2004 WL 3563921, at *1-*4 (Ohio Ct. App. 5th Dist. Nov. 8, 2004) (same); *State v. Goins*, No. 02 CA 68, 2005 WL 704865, at *17-*19 (Ohio Ct. App. 7th Dist. Mar. 21, 2005) (same); *State v. Cooper*, No. 84645, 2005 WL 1541000, at *1-*3 (Ohio Ct. App. 8th Dist. June 30, 2005) (same); *State v. Rowles*, No. 22007, 2005 WL 19440, at *3-*6 (Ohio Ct. App. 9th Dist. Jan. 5, 2005) (same); *State v. Reen*, No. 2003-A-0077, 2005 WL 1009826, at *1-*3 (Ohio Ct. App. 11th Dist. Apr. 29, 2005) (same); *State v. Farley*, No. CA2004-04-085, 2005 WL 1131745, at *4-*5 (Ohio Ct. App. 12th Dist. May 16, 2005) (same).

Two more appellate districts issued decisions reaching the same conclusion while Thompson's appeal was being briefed. *See State v. Weese*, No. H-05-003, 2005 WL 1845256, at *1-*2 (Ohio Ct. App. 6th Dist. Aug. 5, 2005) (rejecting a *Blakely* challenge to Ohio's sentencing laws); *State v. Sanchez*, No. 04AP-1320, 2005 WL 1745315, at *2-*3 (Ohio Ct. App. 10th Dist. July 26, 2005) (same). Only one district had held that *Blakely was* applicable to Ohio's sentencing laws, *State v. Montgomery*, 825 N.E.2d 250, 252-55 (Ohio Ct. App. 1st Dist. 2005), and even there a different panel within that same district had previously reached the opposite conclusion, *State v. Bell*, No. C-030726, 2004 WL 1531904, at *5 (Ohio Ct. App. 1st Dist. July 9, 2004) (holding *Blakely* inapplicable to Ohio's sentencing procedures).

Perhaps more importantly, the division before which Thompson's appeal was pending—the Ohio Court of Appeals' Seventh District—had rejected the argument at least twice before. *See Goins*, 2005 WL 704865, at \*17-\*19 (reasoning that the Ohio sentencing statutes do not run afoul of *Blakely*), *and State v. Barnette*, No. 02 CA 65, 2004 WL 3090228, at \*15-\*16 (Ohio Ct. App. 7th Dist. Dec. 28, 2004) (same). Thus, during the entire time that Thompson's appeal was pending, a *Blakely* claim had virtually no chance of success in the Ohio Court of Appeals' Seventh District.

The claims that Thompson's appellate counsel did raise—that the trial court erred by (1) allowing a state's witness to make unsolicited comments to the jury, (2) conducting an inadequate voir dire, (3) sentencing Thompson to the maximum available sentences, (4) permitting the state to wrongly imply that Thompson had a prior criminal record, and (5) permitting the state to improperly shift the burden of proof to Thompson in closing argument—seem reasonably worthwhile in contrast. This demonstrates that Thompson's appellate counsel did not perform deficiently by failing to raise a *Blakely* claim that was virtually certain to be rejected. *See Webb*, 586 F.3d at 399 (explaining that appellate counsel is deficient only if the unraised claim is "clearly stronger" than the claims that were raised); *see also United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009) ("[W]e have held that counsel is not ineffective for failing to raise a claim that courts in the controlling jurisdiction have repeatedly rejected.").

The fact that the Seventh District would almost certainly have rejected a *Blakely* claim in 2005 distinguishes this case from this court's recent unpublished decision in *Benning v. Warden, Lebanon Correctional Institution*, No. 08-3260, 2009 WL 2868822 (6th Cir. Sept. 8, 2009). *Benning* found that the petitioner's appellate counsel was ineffective for not raising a *Blakely* claim in his brief to the Ohio Court of Appeals' First District, filed three months after Thompson's direct-appeal briefs were filed in this case. *Id.* at \*7-\*8. The First District, however, was the lone court out of Ohio's 12 districts that *had* granted relief on a *Blakely* claim at the time. *Id.* at \*7. Furthermore, Benning's appellate counsel raised only one relatively weak argument contesting the sufficiency of the evidence in the case, *id.* (referring to a sufficiency-of-the-evidence argument as

a "perennial loser"), which again contrasts with this case where appellate counsel raised several plausible arguments.

In fact, *Benning*'s other holding—rejecting Benning's ineffective-assistance-of-*trial*-counsel claim—supports our conclusion in this case. Benning had argued that his trial counsel was also ineffective for failing to make a *Blakely* objection during his sentencing hearing. *Id.* at \*6-\*7. But at the time of Benning's sentencing hearing, the earlier First District decision rejecting a *Blakely* challenge was still good law, so any *Blakely* objection that trial counsel might have made would have been futile. *See id.* Accordingly, *Benning* held that "[a]lthough prudent counsel would have preserved a *Blakely* claim under these circumstances, counsel's failure to anticipate that [the Ohio Supreme Court] would overrule binding First District precedent was not constitutionally unreasonable." *Id.* at \*7. The analysis in *Benning* thus mirrors our own.

Turning back to the present case, there was no point in raising a *Blakely* claim in the Seventh District except to preserve it for further appeal in the hope that the controlling law would change. And Thompson has been unable to cite any precedent holding that appellate counsel should be deemed ineffective for failing to raise a claim that he or she knows will be found without merit solely to preserve it for a later appeal.

We are aware, of course, of the fact that the Ohio Supreme Court concluded that *Blakely* invalidated portions of Ohio's sentencing laws the year after Thompson's appeal was briefed and argued. *See State v. Foster*, 845 N.E.2d 470 (Ohio 2006). But *Strickland* specifically warns of "the distorting effects of hindsight" when considering the strategic choices made by counsel. *Strickland*, 466 U.S. at 689.

In sum, appellate counsel is not ineffective for failing to predict the development of the law. *See Lott v. Coyle*, 261 F.3d 594, 609 (6th Cir. 2001) (holding that a petitioner's appellate counsel was not ineffective for failing to make a particular argument because "we cannot conclude that Lott's counsel should have reasonably anticipated" the change in the law, even though there were conflicting opinions in the Ohio Court of Appeals on the issue); *Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986)

(noting that "nonegregious errors such as failure to perceive or anticipate a change in the law . . . generally cannot be considered ineffective assistance of counsel"); *see also Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997) ("[T]here is no general duty on the part of defense counsel to anticipate changes in the law."); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop." (alterations, citations, and internal quotation marks omitted)).

On the other hand, "counsel's failure to raise an issue whose resolution is clearly foreshadowed by existing decisions might constitute ineffective assistance of counsel." *Lucas v. O'Dea*, 179 F.3d 412, 420 (6th Cir. 1999) (noting that counsel will be found ineffective for failing to raise an argument that would have been unsuccessful at the time "only in a rare case," and holding that counsel was not ineffective for failing to make a particular argument under Kentucky law where the law was "in a curious state" at the time). Given that the vast majority of precedent in Ohio had *already* determined that *Blakely* was not applicable to Ohio's sentencing laws at the time Thompson's appeal was decided, the Ohio Supreme Court's later decision to the contrary was not "clearly foreshadowed." If anything, the decision was an abrupt change from prior Ohio precedent. Thompson therefore cannot show that his counsel performed deficiently by failing to raise a *Blakely* claim, and he thus fails to satisfy the performance prong of *Strickland. See Flannery v. Hudson*, No. 1:06CV1938, 2008 WL 1787155, at *3-*4 (N.D. Ohio Apr. 17, 2008) (rejecting an ineffective-assistance-of-appellate-counsel claim for failing to raise a *Blakely* claim in the Ohio Court of Appeals' Fifth District during the same time period as Thompson's direct appeal).

### 3. Potential Prejudice

Because Thompson fails to satisfy *Strickland*'s performance prong, we need not consider whether he was prejudiced by his appellate counsel's failure to raise a *Blakely* claim. *See Cornwell v. Bradshaw*, 559 F.3d 398, 412 (6th Cir. 2009) (explaining that in

order to show the ineffective assistance of counsel, a petitioner "must show both deficient performance and prejudice") (citing *Strickland*, 466 U.S. at 687).

## C.    Thompson's cross-appeal

On cross-appeal, Thompson asserts that the district court erred in conditionally granting habeas relief by ordering him released from imprisonment only if the State refuses to reinstate his direct appeal (as opposed to granting habeas relief only if the State refuses to completely resentence him). This issue is moot because Thompson has not prevailed on his ineffective-assistance-of-appellate-counsel claim.

## III.  CONCLUSION

For all of the reasons set forth above, we **REVERSE** the district court's grant of habeas relief.