NOT RECOMMENDED FOR PUBLICATION
File Name: 10a0317n.06

Nos. 08-3535, 08-3536

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**May 25, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| LAMONT CARTER | ) | |
| | ) | |
| Petitioner-Appellee, Cross-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| DEB TIMMERMAN-COOPER, Warden, | ) | OHIO |
| | ) | |
| Respondent-Appellant, Cross-Appellee. | ) | |

Before:  SILER, ROGERS, and McKEAGUE, Circuit Judges.

**SILER**, Circuit Judge.  Lamont Carter was convicted for trafficking in crack cocaine by an Ohio jury.  He was sentenced to serve eight years' imprisonment after the trial court found additional facts which, under Ohio's sentencing law, allowed it to sentence Carter above the statutorily prescribed sentence.  On direct appeal, Carter's counsel argued that it would be a strain on Ohio's resources to imprison Carter but failed to argue that *Blakely v. Washington*, 542 U.S. 296 (2004), applied to Ohio's sentencing regime.  The appellate court affirmed the sentence, and the Ohio Supreme Court declined to review Carter's claim that his counsel was ineffective for failing to raise *Blakely*.  After being denied state post-conviction relief, Carter petitioned for a writ of habeas corpus in federal court.  The district court granted habeas on Carter's ineffective assistance of appellate counsel claim, conditioned on his state appeal being reinstated.  The Warden appeals the conditional

grant of the writ, and Carter appeals the ordered remedy. For the reasons discussed below, we

**REVERSE** the decision of the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

The district court relied on the facts as stated by Ohio's Fifth District Court of Appeals for

Coshocton County ("Fifth District"), and summarized them as follows:

> On February 10, 2002, Appellant sold 35 grams of crack cocaine to a confidential informant for $ 1,500.00. Said transaction was captured on audio/video tape by task force investigators.
>
> On March 25, 2002, the Coshocton County Grand Jury indicted appellant on one count of trafficking in more than 25 grams, but less than 100 grams, of crack cocaine, a first degree felony.
>
> At his arraignment, appellant entered a plea of not guilty to said charge.
>
> On August 27, 2002, a jury trial commenced in this matter.
>
> At trial, Appellant argued the affirmative defense of entrapment.
>
> After deliberations, the jury returned a verdict of guilty to the trafficking charge.
>
> On October 18, 2002, the trial court sentenced Appellant to eight years imprisonment, a mandatory fine of $10,000 and a five year driving rights suspension.
>
> On appeal, Carter argued through counsel, *inter alia*, that his eight-year prison sentence was

not supported by the record and was contrary to law. The appellate court found in Carter's favor on

this argument and remanded the case for re-sentencing. Carter then sought to appeal this decision

to the Ohio Supreme Court, but that court denied leave to appeal and dismissed the appeal as not

involving any substantial constitutional question.

On remand, Carter was re-sentenced to eight-years' imprisonment based on the trial court's

determination that the minimum sentence would "demean the seriousness" of his conduct and would

"not adequately protect the public from future crime." In making this determination, the trial court found facts regarding Carter's likely recidivism and that his offense was part of organized crime.

The United States Supreme Court then decided *Blakely*, in which it declared unconstitutional a state sentencing law which allowed the maximum available sentence to be increased based on facts, other than a prior conviction, not found by a jury. 542 U.S. at 303-05. Carter appealed this sentence to the Fifth District arguing only that the imposition of a prison sentence imposed an unnecessary burden on state resources; counsel failed to raise *Blakely*. The appellate court affirmed. Carter again sought to appeal to the Ohio Supreme Court, asserting that he was entitled to relief because his appellate counsel was ineffective in failing to challenge his sentence based on *Blakely*. The court again denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

Carter then filed a petition in state court to vacate or set aside his sentence as being in violation of *Blakely*. The trial court denied the petition, and Carter subsequently filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, with the United States District Court of the Southern District of Ohio. He put forth six reasons why his custody violated the constitution, including that he was denied effective assistance of counsel on appeal, which violated his constitutional rights because appellate counsel failed to raise *Blakely* and the state failed to prove beyond a reasonable doubt the facts leading to his non-minimum sentence. The magistrate judge recommended that the district court dismiss all claims, except to conditionally grant habeas on the ineffective assistance of appellate counsel claim. The district court adopted the magistrate's report and recommendation, reasoning that Carter had been denied effective assistance of appellate counsel

because his counsel failed to raise *Blakely*. It conditionally granted the writ subject to reinstatement of Carter's appeal to the Fifth District. It granted a certificate of appealability on its conditional grant of habeas and the remedy it selected.

## STANDARD OF REVIEW

We review de novo the district court's resolution of a habeas petitioner's ineffective assistance of counsel claim. *Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006); *Frazier v. Huffman*, 343 F.3d 780, 788 (6th Cir. 2003). Where, as here, a state court did not address the merits of a claim,[1] "there are simply no results, let alone reasoning to which this court can defer," and we "exercise our independent judgment and review the claim de novo." *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003).

## ANALYSIS

To succeed on a claim that his counsel was ineffective on appeal, Carter must show both that counsel performed deficiently and that he was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). We need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

---

[1]Carter presented his claim of ineffective assistance of appellate counsel to the Ohio Supreme Court, but that court summarily declined review. According to the rules of the Ohio Supreme Court, a summary dismissal does not constitute a decision on the merits. *See* Ohio Sup. Ct. R. of Practice III, § 6. Since Carter first presented his claim of ineffective assistance of appellate counsel based on counsel's failure to raise a *Blakely* claim to the Ohio Supreme Court, no state court ruled on the merits of this claim. Thus we have no state court decision to defer to on this matter and simply conduct a de novo review of the claim.

To demonstrate deficient performance, Carter must show that his appellate counsel made an objectively unreasonable decision to raise other issues instead of raising a *Blakely* claim, because the *Blakely* claim "was clearly stronger than issues counsel did present." *Smith v. Robbins*, 528 U.S. 259, 285, 288 (2000). Carter must also demonstrate prejudice. Yet, we "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697. To demonstrate prejudice, Carter must show a reasonable probability that but for counsel's unreasonable failure to argue the issue, he would have prevailed on the appeal. *See Robbins*, 528 U.S. at 285; *Strickland*, 466 U.S. at 694. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc) (quoting *Williams v. Taylor*, 529 U.S. 362, 391 (2000)); *McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004). "The question, then, is whether there is a reasonable probability that the appeal would have resulted in a remand, not whether the remand would have resulted in a shorter sentence." *Benning v. Warden*, 2009 U.S. App. LEXIS 20099, at *23-24 (6th Cir. 2009) (citing *Robbins*, 528 U.S. at 285, and *McFarland*, 356 F.3d at 700).

Because "it is easier to dispose of [Carter's] ineffectiveness claim on the ground of lack of sufficient prejudice" we address only prejudice here.[2] *Strickland*, 466 U.S. at 697. Carter cannot

---

[2]In *Thompson v. Warden*, 598 F.3d 281 (6th Cir. 2010), another panel of this circuit recently concluded that a petitioner's counsel was not deficient for failing to raise *Blakely* on appeal prior to the Ohio Supreme Court's decision in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006). *Thompson*, 598 F.3d at 288. That panel noted that most Ohio courts at the time of Thompson's appeal had found *Blakely* inapplicable to Ohio's sentencing regime, such that "there was no point in raising a *Blakely* claim in the Seventh District except to preserve it for further appeal in the hope that the controlling

demonstrate that he would likely have been successful on appeal if his counsel had raised *Blakely*, because under Ohio law at the time it is unlikely the Fifth District would have remanded his case.

After *Blakely*, the Ohio District Courts of Appeals began to evaluate its applicability to Ohio's sentencing regime. While Carter's appeal to the Fifth District was pending, that court decided *State v. Iddings*, No. 2004CAA06043, 2004 Ohio App. Lexis 6491 (5th App. Dist. Ohio Nov. 8, 2004). In *Iddings*, the Fifth District held *Blakely* inapplicable to Ohio's sentencing regime. *See id.* at *11. After Carter's appeal was denied, the Ohio Supreme Court issued its opinion in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), in which it declared Ohio's sentencing regime unconstitutional based on *Blakely*. *Id.* at 389, 394. Pending cases were remanded pursuant to *Foster* for re-sentencing. *Id.* at 499.

Although the Ohio Supreme Court ultimately held that *Blakely* was applicable to Ohio's sentencing regime, at the time Carter's appeal was pending, *Foster* had not yet been decided. Moreover, controlling precedent in the Fifth District at that time was *Iddings.* Thus, it is unlikely that Carter would have succeeded before the Fifth District on November 23, 2004, after that court had decided *Iddings* but before the Ohio Supreme Court had decided *Foster*. *Cf. Smith v. Murray*, 477 U.S. 527, 536 (1986) (explaining that the court must make every effort to "reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time"). Because Carter has failed to show his counsel's potentially deficient

---

law would change." *Id.* Though *Thompson* is similar to this case in many ways, we need not determine its application here because we conclude Carter was not prejudiced by any deficiency in his counsel's performance.

performance was prejudicial, we need not address whether his counsel's performance was in fact

deficient.  *See Strickland*, 466 U.S. at 697.

**REVERSED** and **REMANDED**  for entry of a judgment in favor of the Warden.

ROGERS, J., concurring.

I concur in the result, but do so on the basis of Carter's failure to establish deficient performance by his appellate counsel. At the time Carter's original appellate counsel was deciding what arguments to make in his August 12, 2004, brief before the Ohio appellate court, two Ohio appellate courts had already held that *Blakely* did not affect various portions of Ohio's sentencing schemes. *State v. Sour*, No. 02-CR-542, 2004 WL 1728579, at *2 (Ohio Ct. App. 2d Dist. July 30, 2004); *State v. Bell*, No. C-030726, 2004 WL 1531904, at *5 (Ohio Ct. App. 1st Dist. July 9, 2004). Several other cases, including one in the Fifth District where Carter's appeal was pending, decided that *Blakely* did not affect Ohio's sentencing scheme while Carter's appeal was still pending. *State v. Iddings*, No. 2004CAA06043, 2004 WL 3563921 (Ohio Ct. App. 5th Dist. Nov. 8, 2004). Thus, much of the language in our opinion in *Thompson v. Warden, Belmont Correctional Institution*, 598 F.3d 281, 286-88 (6th Cir. 2010), that the deficient performance analysis must include the context of a *Blakely* appeal to the Ohio appellate courts applies here. Although the appellate district court in which Carter's appeal was pending had not yet decided the issue when his appeal was filed, appellate courts in Ohio were rejecting claims that Ohio's sentencing scheme was affected by *Blakely*. Before the appellate court issued a decision in Carter's appeal, the Fifth District had already determined that *Blakely* did not apply, and cases in other districts were citing existing precedent to deny resentencing based on *Blakely*. *State v. Eckstein*, No. C-030139, 2004 WL 2244828 (Ohio Ct. App. 1st Dist. Sept. 24, 2004). On balance, this case resembles those where we have held that appellate counsel is not ineffective for failing to predict the development of the law. *See Thompson*,

598 F.3d at 288.  Therefore, Carter's counsel did not perform deficiently in failing to raise a *Blakely*

claim.