ROGERS, J.,
concurring.
I concur in the result, but do so on the basis of Carter’s failure to establish deficient performance by his appellate counsel. At the time Carter’s original appellate counsel was deciding what arguments to make in his August 12, 2004, brief before the Ohio appellate court, two Ohio appellate courts had already held that Blakely did not affect various portions of Ohio’s sentencing schemes. State v. Sour, No. 02-CR-542, 2004 WL 1728579, at *2 (Ohio Ct.App.2d Dist. July 30, 2004); State v. Bell, No. C-030726, 2004 WL 1531904, at *5 (Ohio Ct.App. 1st Dist. July 9, 2004). Several other cases, including one in the Fifth District where Carter’s appeal was pending, decided that Blakely did not affect Ohio’s sentencing scheme while Carter’s appeal was still pending. State v. Iddings, No.2004CAA06043, 2004 WL 3563921 (Ohio Ct.App. 5th Dist. Nov. 8, 2004). Thus, much of the language in our opinion in Thompson v. Warden, Belmont Correctional Institution, 598 F.3d 281, 286-88 (6th Cir.2010), that the deficient performance analysis must include the context of a Blakely appeal to the Ohio appellate courts applies here. Although the appellate district court in which Carter’s appeal was pending had not yet decided the issue when his appeal was filed, appellate courts in Ohio were rejecting claims that Ohio’s sentencing scheme was affected by Blakely. Before the appellate court issued a decision in Carter’s appeal, the Fifth District had already determined that Blakely did not apply, and cases in other districts were citing existing precedent to deny resentencing based on Blakely. State v. Eckstein, No. C-030139, 2004 WL 2244828 (Ohio Ct.App. 1st Dist. Sept. 24, 2004). On balance, this case resembles those where we have held that appellate counsel is not ineffective for failing to predict the development of the law. See Thompson, 598 F.3d at 288. Therefore, Carter’s counsel did not perform deficiently in failing to raise a Blakely claim.