NOT RECOMMENDED FOR PUBLICATION

File Name: 10a0627n.06

**FILED**

**Sep 28, 2010**

LEONARD GREEN, Clerk

No. 08-3683

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

JASON FLANNERY,                                    )
                                                   )
    Petitioner-Appellant,                          )
                                                   )
v.                                                 )   **ON APPEAL** FROM THE UNITED
                                                   )   STATES DISTRICT COURT FOR THE
STUART HUDSON, Warden,                             )   NORTHERN DISTRICT OF OHIO
                                                   )
    Respondent-Appellee.                           )
                                                   )
                                                   )

BEFORE:    **MERRITT, ROGERS, and SUTTON, Circuit Judges.**

**MERRITT, Circuit Judge**. Jason Flannery appeals the district court's denial of his petition

for a writ of habeas corpus. We granted a certificate of appealability as to two issues: (1) whether

the trial court violated the Sixth Amendment by imposing a sentence greater than the maximum

based on fact findings not inherent in the verdict or expressly found by the jury, and (2) whether

Flannery's appellate counsel was ineffective for failing to raise this argument. This circuit has

answered these questions in the negative in a recent series of cases with facts and procedural

histories that are materially indistinguishable from the instant case. *See Baker v. Voorhies*, No.

09-3484, 2010 WL 3278228 (6th Cir. Aug. 20, 2010); *Henley v. Brunsman*, No. 08-3288, 2010 WL

2181804 (6th Cir. June 2, 2010); *Carter v. Timmerman-Cooper*, No. 08-3535, 2010 WL 2089536

(6th Cir. May 25, 2010); *Thompson v. Warden*, 598 F.3d 281 (6th Cir. 2010). Although one of us

has questioned the wisdom of this result, *Henley*, 2010 WL 2181804, at *4 (Merritt, J., dissenting), we are now constrained by the overwhelming weight of precedent. We, therefore, **AFFIRM** the judgment of the district court.

In January 2003, Flannery was convicted of multiple felonies in an Ohio state court. That court sentenced him to twenty-eight years of imprisonment pursuant to an Ohio felony-sentencing statute that required a shorter sentence unless the judge found certain facts. *See* Ohio Rev. Code § 2929.14(B)(2). Flannery filed a direct appeal to the Ohio Court of Appeals in November 2004. Five months earlier, the U.S. Supreme Court held that a similar sentencing statute violated the Sixth Amendment. *Blakely v. Washington*, 542 U.S. 296 (2004). But Flannery's appellate counsel failed to raise a *Blakely* argument in the Ohio Court of Appeals, which issued its opinion in April 2005. Flannery did raise that argument in a petition for discretionary review to the Ohio Supreme Court, but it declined to hear his case in August 2005. Several months later, after Flannery's conviction became final, the Ohio Supreme Court applied *Blakely* to invalidate the statute under which Flannery was sentenced. *State v. Foster*, 845 N.E.2d 470 (2006). Flannery then petitioned for habeas relief.

Flannery's arguments are foreclosed by the precedent of this circuit. His *Blakely* claim is procedurally defaulted because he did not raise it at the Ohio Court of Appeals. *See Thompson*, 598 F.3d at 285 (holding petitioner's *Blakely* claim was procedurally defaulted when he raised it at Ohio Supreme Court but not Ohio Court of Appeals). His claim that his appellate counsel was constitutionally ineffective, if successful, would establish cause and prejudice to excuse this default. *Beuke v. Houk*, 537 F.3d 618, 631 (6th Cir. 2008). But Flannery cannot show that his appellate counsel's performance was deficient for failing to raise the *Blakely* claim. At the time his direct

appeal was pending at the Ohio Court of Appeals, several districts of that court had recently held that *Blakely* did not apply to Ohio's sentencing scheme. *See Thompson*, 537 F.3d at 286–87 (collecting cases). More importantly, the Fifth District — the very court in which Flannery's appeal was pending — had just rejected the same *Blakely* argument. *State v. Iddings*, No. 2004CAA06043, 2004 WL 3563921, at *1–4 (Ohio Ct. App. 5th Dist. Nov. 8, 2004). Because Flannery's appellate counsel could have reasonably concluded that the *Blakely* argument would be unsuccessful, he was not constitutionally ineffective. *See Baker*, 2010 WL 3278228, at *3–6; *Henley*, 2010 WL 2181804, at *2–3; *Carter*, 2010 WL 2089536, at *3. *Thompson*, 598 F.3d at 284-85. Flannery cannot use ineffective assistance of counsel as cause to excuse his procedural default, nor can he prevail on it as a freestanding claim for relief.

The precedent of this circuit is clear. He defaulted his *Blakely* claim by failing to raise it to the Ohio Court of Appeals, and he cannot show that his appellate counsel was ineffective because the Ohio courts in which his case was pending clearly rejected the *Blakely* argument at the time. As a result, we must affirm the judgment of the district court. We also deny the pending motion to appoint counsel.