JULIA SMITH GIBBONS, Circuit Judge.
Petitioner-appellant Brian D. Henley appeals pro se the district court’s dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Of the multiple grounds for relief claimed in the petition, only one is at issue in this appeal: Henley’s claim that his appellate counsel was constitutionally ineffective for failing to argue that his trial counsel erred in not objecting to Henley’s sentence as violating Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). For *480 the following reasons, we affirm the district court’s decision.
I.
The underlying facts, as recounted in the Magistrate Judge’s Report and Recommendation, are undisputed. Henley v. Moore, No. 07-cv-031, 2007 WL 4884107 (S.D.Ohio June 27, 2007). On September 28, 2004, Henley was convicted by a jury in Montgomery County, Ohio of one count of kidnapping, four counts of rape, two counts of felonious assault, and one count of attempted felonious assault. Id. at *2. On October 29, 2004, the state trial court sentenced him to a total prison term of twenty-two years and found him to be a sexual predator. Id. At the sentencing hearing, the court made findings on the record supporting greater than minimum sentences, consecutive sentences, and maximum sentences. Id.
On November 18, 2004, Henley timely sought review by the Second District Court of Appeals, Montgomery County, Ohio challenging the trial court’s evidentia-ry rulings, sexual predator designation, and the sufficiency of the evidence supporting his convictions. He also argued that his sentence violated Blakely. On November 18, 2005, the state appellate court affirmed Henley’s convictions. State v. Henley, No. 20789, 2005 WL 3081113, 2005 Ohio App. LEXIS 5531 (Ohio Ct.App. Nov. 18, 2005). That court refused to consider the Blakely claim because Henley had not raised it at his sentencing. Id. at *8, 2005 Ohio App. LEXIS 5531, at **22 (citing State v. Austin, No. 20445, 2005 WL 567305, 2005 Ohio App. LEXIS 1043 (Ohio Ct.App. Mar. 11, 2005)). On December 7, 2005, Henley pro se appealed to the Ohio Supreme Court and on March 8, 2006, that court declined to hear the case. State v. Henley, 109 Ohio St.3d 1427, 846 N.E.2d 536 (2006). Henley unsuccessfully sought a writ of certiorari from the United States Supreme Court. Henley v. Ohio, 549 U.S. 912, 127 S.Ct. 253, 166 L.Ed.2d 197 (2006). On January 31, 2006, he moved to reopen his appeal in the Ohio Court of Appeals based on the ineffectiveness of his appellate counsel in failing to raise trial counsel’s ineffectiveness at sentencing. On April 10, 2006, that court found that Henley’s appellate counsel was not ineffective and denied his motion. On July 5, 2006, the Ohio Supreme Court dismissed Henley’s subsequent appeal from that decision. See State v. Henley, 110 Ohio St.3d 1413, 850 N.E.2d 73 (2006). Henley was also unsuccessful in pursuing an ineffective assistance of trial counsel claim through a post-conviction petition in the state trial court.
On January 31, 2007, Henley filed a petition for a writ of habeas corpus in federal district court, asserting claims for ineffective assistance of appellate counsel (and trial counsel), trial court error, and insufficient evidence. Henley, 2007 WL 4884107, at *4. The district court, adopting the Magistrate Judge’s Report and Recommendation in part, dismissed the petition on February 5, 2008. The district court granted Henley a Certificate of Ap-pealability (“COA”) with respect to one issue: whether Henley’s appellate counsel was constitutionally ineffective for failing to claim on direct appeal that his trial counsel rendered ineffective assistance by failing to object to his sentence under Blakely when Henley was sentenced several months after Blakely but before the Ohio Supreme Court applied that decision to the state’s sentencing regime. Henley v. Moore, No. 07-cv-031, 2008 WL 341362, at *2 (S.D.Ohio Feb.5, 2008). Henley timely appealed and we declined to expand the COA.
II.
In a habeas case, we review the district court’s legal conclusions de novo and its *481 factual findings for clear error. Dyer v. Bowlen, 465 F.3d 280, 283-84 (6th Cir. 2006). Under The Antiterrorism and Effective Death Penalty Act of 1996 (“AED-PA”), the writ may not issue unless the state court proceedings resulted in “a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,” or “a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d)(1) — (2). Under subsection (d)(1), “a federal court must find a violation of law ‘clearly established’ by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision.” Miller v. Francis, 269 F.3d 609, 614 (6th Cir.2001) (citing Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). Also, a state court unreasonably applies federal law if it “identifies the correct governing legal principle ... but unreasonably applies that principle to the facts of the prisoner’s case.” Williams, 529 U.S. at 412, 120 S.Ct. 1495.
Henley argues that on direct appeal, his appellate counsel should have contended that his trial counsel was constitutionally ineffective by failing to raise Blakely at sentencing. Henley was “entitled to effective assistance of counsel in connection with [his] first appeal of right.” Joshua v. DeWitt, 341 F.3d 430, 441 (6th Cir.2003). To succeed on a claim of ineffective assistance of counsel, Henley must show: (1) counsel’s performance was deficient; and (2) this deficient performance prejudiced him. Nichols v. United States, 563 F.3d 240, 248-A9 (6th Cir.2009) (en banc) (quoting Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). An attorney’s performance is deficient if it falls “below an objective standard of reasonableness.” Strickland, 466 U.S. at 688, 104 S.Ct. 2052. The Court must “indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.” Id. at 689, 104 S.Ct. 2052. Deficient performance is prejudicial where “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct. 2052. “A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. Appellate counsel cannot be ineffective “for a failure to raise an issue that lacks merit.” Greer v. Mitchell, 264 F.3d 663, 676 (6th Cir.2001).
We recently decided a ease in a nearly identical procedural posture in Benning v. Warden, Lebanon Correctional Institution, 345 Fed.Appx. 149 (6th Cir.2009). In Benning, the petitioner was sentenced on September 22, 2004, three months after the Supreme Court decided Blakely. Id. at 156. At that time, most Ohio appellate courts had concluded that Blakely did not affect the state’s sentencing regime. Id. at 157. The Ohio Supreme Court ultimately applied Blakely on February 27, 2006, and severed the unconstitutional portions of the state’s felony sentencing statutes. State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006). The key question in Benning was “whether it was reasonable [for Denning’s attorney] to fail to make a Blakely objection on September 22, 2004.” 345 Fed.Appx. at 157.
We held that Benning’s trial counsel was not constitutionally ineffective because the “[t]he law was rapidly changing ... and the impact of Blakely was far from certain” and, thus, “resolution of the issue was ‘not clearly foreshadowed’ at the time of trial.” Id. (quoting Lucas v. O’Dea, 179 F.3d 412, 420 (6th Cir.1999)). “Although prudent counsel would have preserved a *482 Blakely claim under these circumstances, counsel’s failure to anticipate that Foster would overrule binding [state intermediate appellate court] precedent was not constitutionally unreasonable.” Id. Thus, Ben-ning’s case was not “one of those ‘rare cases’ for finding ineffective assistance because [trial counsel] failed to anticipate a development in the law.” Id. (alteration in original) (quoting Lúeas, 179 F.3d at 420). We concluded, “Because trial counsel was not ineffective, it follows that appellate counsel cannot be ineffective for failing to raise ineffective assistance of trial counsel on direct appeal.” Id. Ultimately, Benning was granted a conditional writ of habeas corpios directing Ohio to resentence or release him because his appellate counsel failed to raise Blakely on direct appeal. Id. at 159. By that time, Ohio courts had started to apply Blakely to invalidate sentences and we noted that “if [appellate] counsel had briefed the Blakely issue, Ben-ning would have been entitled to a remand for resentencing under Foster.” Id. at 158.
The procedural posture of this case, especially the timing of Henley’s sentencing, is indistinguishable from Benning and the reasoning of that case justifies affirming the district court here. Henley was sentenced on October 29, 2004, a little more than a month after Benning was sentenced. As the Benning Court emphasized, Ohio courts did not begin applying Blakely to invalidate sentences until March 2005. Id. at 158. Indeed, as of Henley’s sentencing, Blakely had not been applied by the Second Appellate District. In State v. Sour, the defendant was convicted of multiple counts of aggravated robbery and robbery and the trial judge sentenced him to consecutive sentences that resulted in an aggregate eighteen-year sentence. No. 19913, 2004 WL 1728579, at *1, 2004 Ohio App. LEXIS 3689, at **2 (Ohio Ct.App. July 30, 2004). The court “considered and rejected the possibility that [Blakely ] might impact the propriety of Sour’s sentence.” Id. at *2, 2004 Ohio App. LEXIS 3689, at **3-4. In Foster, the Ohio Supreme Court cited Sour as one of the cases in which “[m]ost Ohio appellate courts have determined that Blakely is inapplicable” to the state’s sentencing regime. 845 N.E.2d at 488, n. 82. Thus, as of the date of Henley’s sentencing, Ohio sentencing law was in a state of flux and his trial counsel’s failure to anticipate the application of Blakely in Foster did not constitute ineffective assistance of counsel.[1] Because his trial counsel was not ineffective, Henley’s appellate counsel did not err by not raising the ineffectiveness of trial counsel on direct appeal.
III.
For the foregoing reasons, we affirm the district court’s decision.

. This case is unlike Benning only in that Henley’s appellate cotinsel did make a Blakely claim on direct review, albeit unsuccessfully. Henley, 2005 WL 3081113, at *8, 2005 Ohio App. LEXIS 5531, at **22. However, the conduct of appellate counsel on that issue is not before us now.